IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PHYLLIS DARLENE STECZ-HUNTER, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-00142-P |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States Department of Education's ("DOE") Motion to Dismiss (ECF No. 18), Plaintiff Phyllis Darlene Stecz-Hunter's ("Hunter") Response (ECF No. 25), and Defendant's Reply (ECF No. 26). Having considered the Motion to Dismiss, related briefing, and applicable law, the Court finds that DOE's Motion to Dismiss should be and is hereby **GRANTED**.

### BACKGROUND[1]

Hunter took out her first student loan payment in 1993. Pl.'s Compl. Ex. B, ECF No. 1 ("FOIA Documents"). Hunter took out additional student loans over the following three years. *Id.* On September 18, 2002, Hunter consolidated her various student loans by signing an online consolidated promissory note. *Id.* Hunter subsequently defaulted on her

---

[1]This background section is comprised of the factual allegations in Hunter's Original Complaint (ECF No. 1) unless otherwise noted. In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

consolidated loan. Pl.'s Compl., Ex. A. In April 2016, DOE began garnishing Hunter's wages. *Id.* at 2. Hunter then submitted a Freedom of Information Act ("FOIA") Request to DOE, in which she requested a complete copy of her consolidated promissory note. *Id.* at 3. DOE sent Hunter a copy of her Federal Direct Consolidation Loan and her loan history from the National Student Loan Database System. *See* FOIA Documents. Within the documents sent to Hunter by DOE—which were attached to Hunter's complaint—was a copy of her signed promissory note. *Id.* Section F of Hunter's promissory note delineates that the note itself does not contain the subtotal of Hunter's outstanding loans. *Id*. Yet, Hunter alleges that the promissory note provided to her by DOE was "missing pages, incomplete, altered and not accurate for the calculations of amounts claimed due to the defendants." *Id.* at 3. Hunter then contacted Art C. Caliguiran a "FOIA Appeals Coordinator" and a "FOIA Analyst" to request that DOE either correct or delete her student loan records. *Id.* at 4. On October 26, 2018, Mr. Caliguiran instructed Hunter to contact DOE's Default Loan department, which then instructed Hunter to contact Allied Interstate, LLC. *Id.* Allied Interstate, LLC referred her back to DOE, so on October 26, 2018, Hunter sent another letter to DOE requesting that her student loan records be corrected or deleted. *Id*. DOE did not respond to that letter.

On March 15, 2019, Hunter filed the underlying complaint against DOE and Allied Interstate LLC ("Allied"), ECF No. 1. After participating in mediation on October 16, 2019, Hunter and Allied reached a settlement agreement which left DOE as the only remaining defendant in this case. DOE filed a Motion to Dismiss on April 22, 2019, Hunter

2

filed a response on May 13, 2019, and DOE filed its reply on May 28, 2019. This motion is now ripe for review.[2]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

---

[2]On November 8, 2019, DOE filed a Motion for Summary Judgment. On November 11, 2019, Hunter filed a Motion for Summary Judgment. Because the Court grants DOE's Motion to Dismiss, both parties' Motions for Summary Judgment are **DENIED** as moot.

3

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## ANALYSIS

The central issue of this case is that Hunter has requested the production of a document that does not exist. *See* FOIA Documents. Hunter seeks a copy of her promissory note that includes the subtotal of her outstanding loans. *See* Pl.'s Compl. at 3. As explained above, the language in the promissory note establishes that the balance of Hunter's loans

4

will be calculated using other documents, and thus no balance was included within the text of the promissory note. Hunter claims that estimates of her outstanding loans that she submitted with her application for loan consolidation are part of her promissory note, and since DOE has either not kept that information or simply not supplied it in response to her request, the note is unenforceable. *Id*. The language of the note establishes that this is not the case as any estimates of Hunter's outstanding loans at the time of consolidation are not binding. *See* FOIA Documents.

**A.     Hunter's Claims under the Privacy Act**

1. <u>Hunter's Failure to Appeal to the Secretary of Education Prevents Her from Stating a Privacy Act Claim.</u>

When an individual disagrees with the DOE's refusal to correct or amend a record, she may appeal the refusal in writing to the Secretary of Education ("Secretary"). *See* 34 C.F.R. § 5b.8; *Ivey v. Duncan*, No. CV 13-576 (RWR-AK), 2014 WL 11256897, at 5 (D.D.C. Aug. 4, 2014). Only upon denial of that appeal may an individual then pursue judicial review of said denial. *Id*. Hunter does not allege in her complaint or response that she exhausted her administrative remedies by appealing to the Secretary. *See* Pl.'s Compl. Indeed, Hunter implicitly acknowledges in her response that she never filed a written appeal with the Secretary of Education, and she makes no allegation that she followed the U.S. Department of Education's appeals process under the Privacy Act. *See* Pl.'s Br. Opp. MTD at 11, ECF No. 25. ("Hunter Response"). Because of her failure to appeal to the Secretary of Education, Hunter failed to exhaust her administrative remedies under the Privacy Act, and thus she cannot state a Privacy Act Claim. Accordingly, Hunter has not met the threshold

5

pleading burden to overcome DOE's Motion to Dismiss. On this basis alone, Hunter's Privacy Act claims should be dismissed.

2. Hunter Does Not Demonstrate DOE Failed to Meet its Privacy Act Obligations

There are two relevant exceptions to the requirement of exhaustion of administrative remedies. *First*, an individual is not required to exhaust their administrative remedies when an agency fails to comply with Privacy Act regulations, and those failures result in an adverse effect on the individual. *See* 5 U.S.C. § 552a(g)(1)(D). *Second*, an individual is not required to exhaust their administrative remedies when doing so would be futile. *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir. 1997). Neither of these exceptions apply here.

While not explicitly stated by Hunter in her Response, the Court believes that Hunter is possibly alleging that because DOE has failed to comply with Privacy Act regulations by not providing her with a copy of her promissory note (which includes the full amount of her outstanding loans) and by ceasing to respond to requests for a copy of said note, she is relieved of any obligation to exhaust administrative remedies. *See* Hunter Response at 10.[3] Once again, Hunter fails to carry her burden here. Hunter submitted a FOIA request to DOE on September 24, 2018, requesting a copy of her consolidated promissory note, and she received a letter from DOE dated October 5, 2018, which

---

[3]Hunter's pleadings before this Court are akin to "garbled morass," and "it is not the Court's place to speculate or imagine what the [party's] claims may be." *Boswell v. Hon. Governor of Tex.*, 138 F. Supp. 2d 782, 785–86 (N.D. Tex. 2000) (Mahon, J.) (citation and internal quotation marks omitted). However, the Court is also mindful that pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

contained a copy of said note. *See* Hunter Complaint; FOIA Documents. Based on its response Hunter alleges that DOE has failed in its compliance with the Privacy Act by not providing her with a promissory note that includes the total of her loans, even though no such document exists. Hunter further alleges that DOE's failure to respond to Hunter's continued correspondence after granting her FOIA request is a violation of the Privacy Act and thus excuses her failure to exhaust her administrative remedies. The Court does not agree.

While Hunter was not satisfied with the note that was sent to her, DOE satisfied its duties under the Privacy Act by providing Hunter with a copy of her original promissory note. *See* FOIA Documents. As Hunter has not shown that DOE failed to comply with the Privacy Act, the first exception does not prevent dismissal of Hunter's Privacy Act Claims.

3. Hunter Does Not Allege Futility

A court may also excuse an individual's failure to exhaust administrative remedies when "exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim." *Taylor*, 127 F.3d at 477. Hunter argues that DOE's filing of this Motion to Dismiss demonstrates that DOE would clearly have rejected her claim. *See* Hunter Response at 11. Hunter provides no legal authority to support the theory that DOE's subsequent activities in this lawsuit can support an exception to the requirement of exhaustion of administrative remedies when such activities had not and could not have even occurred at the time Hunter filed this suit. The Court is not convinced by this argument and does not accept Hunter's contention that filing this Motion to Dismiss evinces how DOE would have responded had Hunter properly invoked the administrative process.

Therefore, DOE's Motion to Dismiss Hunter's Privacy Act claims is **GRANTED** and Hunter's Privacy Act Claims are **DISMISSED WITH PREJUDICE.**

B.      FOIA Violations

1.  Hunter Fails to State a Claim Under FOIA

FOIA confers jurisdiction on district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C § 552(a)(4)(B). Under this provision, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of Press,* 445 U.S. 136, 150, (1980). Unless all of these criteria are met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, (1989).

Hunter alleges that on September 21, 2018, she submitted a FOIA request to DOE requesting a copy of her consolidated promissory note. *See* Hunter Complaint at 3. Hunter received a letter from DOE dated October 5, 2018, which included a copy of her consolidated promissory note, thus fulfilling her FOIA request and DOE's FOIA obligations. Hunter contends that her promissory note is incomplete because it does not include two pages she previously filled out which contained a list of outstanding loans. However as previously stated, the promissory note itself clearly states that the note will not contain a list of the amounts owed. Therefore, the Court finds that Hunter failed to carry her burden of stating a claim for which the Court can grant relief. DOE's Motion to Dismiss

Hunter's FOIA claims should be and is hereby **GRANTED** and Hunter's FOIA claim is **DISMISSED WITH PREJUDICE**[4]

## CONCLUSION

For the foregoing reasons, the Court finds that DOE's Motion to Dismiss (ECF No. 18) should be and is hereby **GRANTED.** Accordingly, Hunter's claims against DOE are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **13th day** of November**, 2019**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[4] The Court also notes that DOE's Motion to Dismiss only addresses Hunter's claims under the Fair Debt Consumer Protection Act (FDCPA) and the Texas Business and Commerce Code in a single footnote and Hunter did not address these claims in her response. Because the Court agrees that these claims were alleged solely against Allied Interstate, not DOE, this Order disposes of all claims asserted by Hunter against DOE.